FILED
JAN 29 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL MIGIS, individually and on )
behalf of all others similarly situated, )
                                                 )
                Plaintiff,    )    Civil Case No. 08-1394-KI
                                 )
   vs.                       )    OPINION AND ORDER
                                 )
AUTOZONE, INC., a Nevada corporation, )
                                 )
              Defendant.   )

A.E. Bud Bailey
J. Dana Pinney
Chey K. Powelson
Bailey, Pinney & Associates, LLC
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683

      Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Leigh Ann Tift
Adam S. Belzberg
Littler Mendelson
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101-3122

    Attorneys for Defendant

KING, Judge:

Plaintiff brings a putative class action alleging wage and hour violations.

Before the court is plaintiff's Motion to Remand (#10). For the following reasons, I grant the motion.

## BACKGROUND

Plaintiff filed this case in Multnomah County Circuit Court on November 16, 2007. In his Complaint, plaintiff alleged, "The aggregate total of the claims pled herein do not exceed five million dollars." Complaint ¶ 12.

Plaintiff alleges defendant failed to pay all wages for interrupted meal periods ("meal period" claim), defendant did not pay for time worked before and after shifts ("alarm" claim) or for travel time between store assignments ("gap time" claim), defendant failed to pay the minimum wage for all hours worked, failed to pay overtime, and failed to pay all wages due when employment ended ("final wages" claim).

The Honorable Jerome LaBarre, in Multnomah County Circuit Court, denied defendant's motions to dismiss and to stay the case. Defendant served an Answer on March 21, 2008. Plaintiff filed motions to compel discovery and, pursuant to the subsequent court orders, defendant began producing records between April and June 2008. Plaintiff filed a motion for

Page 2 - OPINION AND ORDER

class action certification, which he served on August 15, 2008. Plaintiff filed and served further briefing in support of his motion no later than October 14. He moved for class certification with a representative one year's worth of records.

On October 31, plaintiff argued his motion before Judge LaBarre. During the hearing, plaintiff's counsel represented that the amount in wages due and owing for the meal period claim would be $1,114,000. He came to this conclusion by multiplying $10 an hour (average wage) by the number of minutes (114,643) 395 employees[1] worked instead of taking a meal break. Counsel, however, failed to compute the minutes into hours before multiplying that number by the hourly wage. In reality, the number of hours was 1,910, which, when multiplied by six years at $10 an hour, results in damages of $114,600. Judge LaBarre certified the proposed classes and ordered defendant to provide a class list within 10 days.

Judge LaBarre held a hearing on November 18 to address defendant's discovery violations. He concluded that defendant "knowingly and wilfully" violated the court's discovery orders by failing to timely produce discovery and imposed sanctions on defendant in the amount of plaintiff's costs and attorneys' fees incurred as a result of the conduct.

On November 26, 2008, fewer than ten days after Judge LaBarre's finding on sanctions, defendant filed a Notice of Removal. Defendant removes on the basis of the Class Action Fairness Act. Defendant contends that on October 31, 2008, "at a hearing before the Multnomah Circuit Court, Plaintiff's counsel represented that the amount in controversy exceeds Five

---

[1] Plaintiff's counsel also misspoke in the class certification hearing, saying 395 employees were affected, but the briefing reflects only 327 employees would fall in the meal period class for one year. Cf. Decl. of Leigh Ann Tift in Supp. of Not. of Removal Ex. 2 at 35 with Mot. for Remand at 4.

Page 3 - OPINION AND ORDER

Million Dollars ($5,000,000)." Not. of Removal at 4. Defendant relies heavily on plaintiff's counsel's miscalculation, asserting that if damages for the meal period claim for a thirteen month period results in $1,114,000, "straight time damages claimed for unpaid lunch periods for a six year class period [would total] $6,169,846. . . . This claim alone easily exceeds $5,000,000.00." Id. at 3.

The records covering the remaining five years of the class periods were due to be produced in early December 2008. The case was set for trial in March 2009 in Multnomah County Circuit Court.

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993).

Pursuant to the Class Action Fairness Act, a district court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Additionally, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

The party seeking removal must show "to a legal certainty that the amount in controversy exceeds the statutory minimum" where a plaintiff specifically pleads that damages are less than $5,000,000 in the Complaint. Lowdermilk v. United States Bank Nat'l Assoc., 479 F.3d 994, 999 (9th Cir. 2007).

The notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added).

Courts strictly construe the removal statute against removal jurisdiction, and any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

After reviewing all the evidence and hearing argument, I conclude that defendant has failed to prove "to a legal certainty" the amount in controversy for plaintiff's action exceeds the statutory minimum.

First, defendant improperly relied on plaintiff's counsel's mathematical error in seeking removal. In its Notice of Removal, defendant explains plaintiff's counsel represented that the amount in wages for the meal period claim would be $1,114,000.[2] Plaintiff's counsel came to

---

[2]Defendant initially asked that I treat plaintiff's counsel's statement as a judicial admission, although it backed off this position during oral argument. I do not consider the statement a judicial admission as it was not a "deliberate, clear and unequivocal" statement. See Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 329 (5th Cir. 2001). In fact, plaintiff clearly stated the correct number of hours in his Motion for ORCP 32C Class Action Certification. Decl. of Chey Powelson Supporting Plaintiff's Mot. for Remand Ex. 3 at 18.

Page 5 - OPINION AND ORDER

this conclusion by multiplying $10 an hour (average wage) by the number of minutes (114,643) 327 employees worked instead of taking a meal break. Counsel, however, failed to compute the minutes into hours before multiplying that number by the hourly wage. In reality, the number of hours is 1,910, which, when multiplied by six years at $10 an hour, would result in damages of $114,600.

In addition, in its Notice of Removal defendant incorrectly asserted that plaintiff's final wages claim was a six-year class, when plaintiff clearly designated it a three-year class in his motion for class certification. Furthermore, defendant incorrectly assumed that each employee would be entitled to 30 days of wages as a penalty for defendant's failure to timely pay final wages. In fact, under Oregon law, an employee may recover a penalty wage equal to 8 hours per day times his regular rate of pay *from the due date until the wages are paid.* ORS 652.150(1) (emphasis added). Plaintiff submitted evidence supporting his motion for class certification that clearly indicates defendant was late in issuing a paycheck to terminated employees a little less than 8 days on average.

When I correct for the mathematical error and defendant's evaluation of the final wages claim, which defendant concedes for purposes of this motion, I come to the following conclusions on the substantive violations:

| Claim | Amount for Substantive Violation | Calculation |
|---|---|---|
| Meal Period Claim | $114,600 (for six years) | 1,910 hours (for 327 employees) x $10/hour x 6 years |

| Claim | | Calculation |
|---|---|---|
| Gap Time Claim | $2,000 (for six years) | 400 employees (for six years)[3] x 30 minutes x $10/hour |
| Alarm Claim | $92,406 (for six years) | 39.8 hours in one store x $10/hour x 29 stores= $11,551, reducing number of stores 10% for each of past six years to account for reduced number of stores |
| Final Wages Claim | $242,396 (for three years) | 157 employees[4] x 8 hours/day x $10/hour x 3 years x 7.76 days late |
| Attorneys' Fees | $1,000,000 | not seriously disputed by plaintiff |
| TOTAL | $1,451,402 | |

Defendant claims that regardless of any errors in its Notice of Removal, plaintiff's position on penalty wages places plaintiff's action over the statutory minimum. According to defendant, plaintiff interprets ORS 653.055 and ORS 652.150 to provide for wages "at the same hourly rate for eight hours per day until paid [but not to exceed 30 days]" for all wage and hour violations alleged if the employer acted willfully. As a result, defendant concludes the following:

| Claim | Amount for Penalty | Calculation |
|---|---|---|
| Meal Period Claim | $2,354,400 (for three years) | 327 x $10/hour x 8 hours/day x 30 days x 3 years[5] |
| Gap Time Claim | $720,000 | 300 employees[6] x $10/hour x 8 hours/day x 30 days |

---

[3]Plaintiff's counsel explained to Judge LaBarre that there were about 100 employees in a one-year period, with fewer stores going backwards, and his "suspicion" was "between 400 and 600 people" for six years would fall in the gap time class. Tift Decl. Ex. 2 at 27.

[4]Again, for purposes of this motion, defendant agrees that the number is 157 and not the 162 reflected in its Notice of Removal.

[5]It is unclear to me why defendant multiples by only three years when the class period is six years. Defs.' Opp. to Pl.'s Mot. for Remand at 9.

[6]Defendant uses 300 rather than 400 without explanation.

Page 7 - OPINION AND ORDER

| Alarm Claim | $1,200,000 | 500 employees[7] x $10/hour x 8 hours/day x 30 days |
|---|---|---|
| Minimum Wage | $1,512,000 (for three years) | 900 (300 employees x 3 years) x $7/hour x 8 hours/day x 30 days |
| Overtime Claim | No estimate | |
| **TOTAL** | **$5,786,400** | |

I reject defendant's penalty calculations on a number of grounds. First, with regard to penalties for the meal period claim, defendant assumes that the number of employees for the meal period claim for one year is indicative of the number of different employees who suffered that violation for the class period. The record, however, does not support the notion that 327 separate employees suffered the meal period deduction in each of the years making up the class period. Plaintiff moved for class certification on the basis of one year's worth of records and, although defendant has access to all six years of its employees' pay records, it did not submit evidence to support its assertions. Defendant's theory would allow the court to assume jurisdiction on the basis that the same class members are entitled to multiple penalties for the same violation. Plaintiff does not make that argument.

Similarly, I disagree with defendant's position on the minimum wage claim. As an initial matter, there is no evidence in the record as to how many employees were paid at or near the minimum wage such that a wage and hour violation, like an improper meal deduction, would dip the employee's pay below minimum wage and entitle that employee to a penalty. Plaintiff was not required to produce evidence of numerosity on this derivative class, and defendant did not offer evidence of the number of its employees it pays at minimum wage.

---

[7]Defendant provides no citation to support this number.

Page 8 - OPINION AND ORDER

Furthermore, defendant again assumes that the number of employees for the meal period claim for one year (approximately 300) may be multiplied by three to reflect the number of employees who are also entitled to a penalty for a minimum wage violation. Again, defendant has produced no evidence of the turnover rate to support its assumption that the number of employees from one year's worth of records reflects the total number of different employees who suffered that violation for the class period.

Alternatively, in evaluating the minimum wage claim, defendant suggested at oral argument that I should rely on several charts produced by plaintiff in support of his motion for class certification. The charts described the number of "unique employees" who experienced various violations. Defendant suggests by adding the number of "unique employees" who suffered the various violations, I will conclude that more than 900 employees have a claim for minimum wages for one year. See Shubin Decl. of October 6, 2008 attached to Powelson Decl. marked Ex. 2 (395 "unique employees" evaluated for gap time claim, 186 "unique employees" deactivating alarm, 195 "unique employees" activating alarm, 327 employees for meal period claim).

Defendant, however, misreads the number of employees with a gap time claim; the number is actually 90. Additionally, nothing in the record indicates that plaintiff intended the words "unique employees" to indicate the employees activating the alarm differed from those deactivating the alarm. In context, the most natural reading of the words is that the author wished to distinguish the total number of instances of activating and deactivating the alarms from the number of distinct employees activating and deactivating alarms. Indeed, in his motion for class certification, plaintiff states the class would number "at least 50 employees." Powelson

Page 9 - OPINION AND ORDER

Decl. Ex. 3, Migis' Mot. for Class Cert. at 21. In his motion to remand, plaintiff states the class would be 195 employees. Mot. to Remand at 3. In the class certification hearing, plaintiff relied on the number of minutes for one store, rather than the number of employees. Tift Decl. Ex. 2 at 31. (For this reason, I can find no support for defendant's assertion that 500 employees fall in the alarm claim class, for purposes of evaluating potential penalties, and defendant provides no citation to the record.)

In summary, resolving all doubts in favor of plaintiff, I conclude that defendant has failed to show to a "legal certainty" that plaintiff's action involves the statutory minimum of $5,000,000. I find that the record reflects that at most a total of $3,664,202 is in controversy.

| Claim | Amount for Penalty | Calculation |
|---|---|---|
| Meal Period Claim | $784,800 (for one year) | 327 x $10/hour x 8 hours/day x 30 days |
| Gap Time Claim | $960,000 (for six years) | 400 x $10/hour x 8 hours/day x 30 days |
| Alarm Claim | $468,000 (for one year) | 195 x $10/hour x 8 hours/day x 30 days |
| Minimum Wage | No estimate | |
| Overtime Claim | No estimate | |
| **Total for Penalties** | $2,212,800 | |
| **Total for Substantive Violations** (including attorneys' fees) | $1,451,402 | |
| **TOTAL** | $3,664,202 | |

Since I find that defendant has failed to meet its burden, I do not evaluate plaintiff's other arguments that plaintiff's counsel's statement at a hearing does not qualify as an "amended pleading, motion, order or other paper" under the removal statute, that defendant failed to file a

Page 10 - OPINION AND ORDER

notice of removal with an original signature within the time limits, and that the notice of removal did not contain all the orders plaintiff served on defendant.

Even if I found defendant's theory about penalties to be sufficiently concrete and specific to meet the "legal certainty" standard, I would find defendant's Notice of Removal to be untimely. Defendant had all the information it needed as of October 14, 2008 to file a Notice of Removal. The only piece of information defendant learned from plaintiff's counsel during the class certification hearing was the $10 average hourly wage plaintiff would assume. If, however, defendant had assumed $7 was the average hourly wage (minimum wage rates ranged from between $6.50 to $7.80 for the class period), it would have concluded that it would face $4,504,080 in penalties. Such penalties together with the damages for substantive violations and attorney fees would exceed the statutory minimum under CAFA. Plaintiff supplied the number of employees in each class in its briefing, the last of which was served no later than October 14, 2008, and its position on penalties is in its Complaint. As a result, since defendant could have first ascertained that the case was removable as of October 14 at the latest, its Notice of Removal filed on November 26, 2008, is untimely.

Plaintiff seeks costs and attorneys' fees for filing the motion to remand. Defendant does not respond to this request. Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." I decline to award costs or attorney fees.

Page 11 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand (#10) is GRANTED.

IT IS SO ORDERED.

Dated this ___29th___ day of January, 2009.

                                                                                   /s/ Garr M. King
                                                                                  Garr M. King
                                                                                  United States District Judge