IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL MIGIS, | ) | |
| | ) | |
|       Plaintiff, | ) | Civil Case No. 08-1394-KI |
| | ) | |
|   vs. | ) | OPINION AND ORDER |
| | ) | |
| AUTOZONE, INC., | ) | |
| | ) | |
|       Defendant. | ) | |
| | ) | |

A.E. Bud Bailey
J. Dana Pinney
Chey K. Powelson
Bailey, Pinny & Associates, LLC
1498 SE Tech Center PL, Suite 290
Vancouver, Washington  98683

     Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Leigh Ann Tift
Littler Mendelson
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101-3122

    Attorney for Defendant

KING, Judge:

Before the court is Defendant's Motion to Stay or, in the Alternative, for Reconsideration of Case Closure (#20).

## FACTS

Plaintiff filed this putative class action in state court against his employer, AutoZone, Inc. ("AutoZone"), alleging wage and hour violations under state law. AutoZone removed the case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), which gives this court original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

On January 29, 2009, I granted plaintiff's motion to remand the action to state court because the amount in controversy requirement was not satisfied. On February 4, 2009, AutoZone filed a Petition for Permission to Appeal with the Ninth Circuit pursuant to 28 U.S.C. § 1453(c). On February 11, 2009, the Clerk of Court sent a certified copy of the order remanding the case and a certified copy of the docket entries to the state court. Proceedings continued in state court and AutoZone filed the pending motion to stay or to reconsider the closure of this case.

## DISCUSSION

AutoZone is concerned that the Ninth Circuit could accept the discretionary appeal and rule in AutoZone's favor that the action should be litigated in federal court. According to AutoZone, all of the parallel proceedings in state court would then be for nought and the resources of the state court and the parties would be wasted.

Plaintiff argues that this court does not have jurisdiction to rule on the motion to stay. I agree.

I remanded this action under 28 U.S.C. § 1447(c):

> (c)  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>
> (d)  An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except [in certain civil rights cases].

Id. at § 1447(c), (d).

CAFA removed the prohibition on appeals of remand rulings for removed class actions:

> (1)  In general.–Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.

28 U.S.C. § 1453(c)(1).

Page 3 - OPINION AND ORDER

When a district court certifies a remand order to state court under § 1447(c), the district court no longer has jurisdiction and "can take no further action on the case." Seedman v. United States Dist. Court for Cent. Dist. of California, 837 F.2d 413, 414 (9th Cir. 1988) (district court could not vacate remand order to retrieve case); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 312 (2nd Cir. 2005) (quoting Seedman). AutoZone argues that the "notwithstanding" language in CAFA not only allows appellate review but makes a remand under CAFA an exception to Seedman's holding that certification of the remand order divests the district court of jurisdiction.

I do not interpret the CAFA language that broadly. Some remands do allow the district court to entertain a motion for reconsideration after the mailing of a remand order. This is the case for a remand under 28 U.S.C. § 1367(c) when a district court declines to exercise supplemental jurisdiction over state claims after all federal claims are dismissed. Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 158 (3rd Cir. 1998).

Although CAFA allows appellate review of the remand ruling notwithstanding § 1447(d), my remand order was under § 1447(c). This situation is closer to Patel v. Del Taco, Inc., 446 F.3d 996 (9th Cir. 2006), in which plaintiffs attempted to remove a state case to confirm an arbitration award entered against them by joining the state case with their civil rights case filed in federal court. Appellate review of the removal of a civil rights case is available under 28 U.S.C. §§ 1443(1) and 1447(d). The court affirmed the remand and also held that the appeal of the remand order did not divest the state court of jurisdiction:

> The Patels also object to the state court asserting jurisdiction over the removal action once it was remanded by the district court. The Patels argue that once they filed a notice of appeal of the remand order, this court had sole and exclusive jurisdiction over the removal action and the state court was divested of jurisdiction over the removal action. The Patels cite to no authority that supports

their proposition that this court had sole and exclusive jurisdiction once the notice of appeal was filed nor do they cite to any authority that suggests that the state court could not assert jurisdiction over the removal action once the district court issued its remand order. In fact, what little authority exists on this issue suggests the contrary.

Patel, 446 F.3d at 999-1000.

I also disagree with AutoZone's statement that the Honorable Ancer Haggerty issued a stay under similar circumstances in Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994 (9th Cir. 2007). Def.'s Reply to Opp'n to Mot. to Stay at 3 n.1. The opinion only states that "a stay was in place in the state court action." Id. at 997. I reviewed the docket in this court, however, and find neither a motion for stay nor an order staying the action. The stay was apparently entered by the state court.

I conclude that this court does not have jurisdiction to provide the relief sought by AutoZone. Thus, I do not address the merits of its request.

## CONCLUSION

Defendant's Motion to Stay or, in the Alternative, for Reconsideration of Case Closure (#20) is denied.

IT IS SO ORDERED.

Dated this ____5th____ day of March, 2009.

                                          ___/s/ Garr M. King_____
                                          Garr M. King
                                          United States District Judge