IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL MIGIS, | ) | |
| | ) | |
|           Plaintiff, | ) | Civil Case No. 08-1394-KI |
| | ) | |
|     vs. | ) | OPINION AND ORDER |
| | ) | |
| AUTOZONE, INC., | ) | |
| | ) | |
|           Defendant. | ) | |
| | ) | |

A.E. Bud Bailey
J. Dana Pinney
Chey K. Powelson
Bailey, Pinny & Associates, LLC
1498 SE Tech Center PL, Suite 290
Vancouver, Washington  98683

      Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Leigh Ann Tift
Littler Mendelson
One Union Square
600 University Street, Suite 3200
Seattle, Washington  98101-3122

    Attorney for Defendant

KING, Judge:

Plaintiff brings a putative class action alleging wage and hour violations.

Before the court is plaintiff's Motion to Remand (#5). For the following reasons, I grant the motion.

## BACKGROUND

I.    <u>Plaintiff Filed His Case in Multnomah County Circuit Court</u>

Plaintiff brings a class action alleging wage and hour violations. Plaintiff filed the case in Multnomah County Circuit Court on November 16, 2007. In his Complaint, plaintiff alleged, "The aggregate total of the claim pled herein do not exceed five million dollars." Complaint ¶ 12. The Honorable Jerome LaBarre, in Multnomah County Circuit Court, denied AutoZone's motions to dismiss and to stay the case. AutoZone served an Answer on March 21, 2008. Plaintiff filed motions to compel discovery and, pursuant to the subsequent court orders, AutoZone began producing records between April and June 2008.

Plaintiff filed a motion for class action certification, which he served on August 15, 2008. Plaintiff filed and served the accompanying briefing on October 14. On October 31, Judge LaBarre certified the proposed classes and ordered AutoZone to provide a class list within 10 days. He then held a hearing on November 18 to address AutoZone's discovery violations. He

Page 2 - OPINION AND ORDER

concluded that AutoZone "knowingly and wilfully" violated the court's discovery orders by failing to timely produce discovery and imposed sanctions on AutoZone in the amount of plaintiff's costs and attorneys' fees incurred as a result of the conduct, which totaled $60,000. He indicated that should future discovery problems arise, he would consider imposing non-monetary sanctions, such as a default judgment.

A trial was scheduled for a day in March 2009.

II.     AutoZone Removed the Case to Federal Court in November 2008

AutoZone removed this action in November of 2008 under the Class Action Fairness Act. AutoZone removed on the basis that at a hearing in Multnomah County Circuit Court on October 31, 2008, plaintiff's counsel made statements that caused AutoZone to conclude that the amount in controversy exceeded five million dollars.

I held a hearing on plaintiff's Motion to Remand and in January of 2009 issued an Opinion and Order remanding the case to state court. I found that AutoZone had not met its burden of showing to a "legal certainty" that plaintiff's action met the statutory minimum of five million dollars under the Class Action Fairness Act. I also noted that even if the theory about penalties was sufficiently concrete and specific, AutoZone had all the information it needed as of October 14, making its November 26, 2008 removal untimely.[1] Pursuant to the Court's order, the case was remanded to Multnomah County Circuit Court.

---

[1] As I explained at oral argument on this second notice of removal, the assertion in my January 2009 Opinion and Order that AutoZone had all the information it needed as of October 14, 2008 to remove this case was not a basis for that decision. My holding was that AutoZone failed to meet its burden of showing this court had jurisdiction.

Page 3 - OPINION AND ORDER

AutoZone appealed the decision to the Ninth Circuit Court of Appeals. It also subsequently sought a stay in this court pending appeal. I ruled on March 6, 2009 that the federal district court no longer had jurisdiction to issue a stay of proceedings since I had already remanded the case to Multnomah County Circuit Court. The Ninth Circuit subsequently declined to take the appeal.

III.    Subsequent Proceedings in Multnomah County Circuit Court

After this court remanded the case to the state court, AutoZone produced the class list identifying approximately 1,400 potential members. Plaintiff continued to seek discovery related to class members (i.e. information on hours worked, wages paid, and circumstances of termination). In February 2009, plaintiffs submitted a letter request to Judge LaBarre requesting assistance in obtaining discovery from AutoZone. In March, AutoZone agreed to produce the requested discovery, which was memorialized in a March 4, 2009 Order, and the court scheduled a trial for June 1, 2009 with a pre-trial conference on May 28, 2009.

Plaintiff believed AutoZone had not produced all of the requested discovery and he filed a Motion for Sanctions and to Enforce the March 4, 2009 Court Order to Produce Class Discovery. AutoZone responded. The court requested proposed Findings of Fact & Conclusions of Law from plaintiff on the issue and took the motion under advisement until the pre-trial conference scheduled for May 28. AutoZone reports that plaintiff served eight separate requests for production and that the company provided approximately 7,000,000 pages of data, including every pay record, time record, store alarm record, lunch variance report, termination report, and pay policy.

On May 14, the parties exchanged witness and exhibit lists and filed motions in limine.

Page 4 - OPINION AND ORDER

IV.    AutoZone Filed a Second Notice of Removal in May 2009

On May 19, 2009, AutoZone filed a second Notice of Removal. In that notice, AutoZone explains in relevant part that,

> On April 30, 2009 and again on May 8, 2009, Plaintiff submitted a proposed jury verdict form asking the Circuit Court to instruct the jury on damages. Plaintiff's request was that the jury be instructed that the damages in this case exceed $15,000,000, utilizing formulas that encompassed far greater numbers of employees and higher wage assumptions than were represented to the District Court, presumably because Plaintiff's discovery in the case supported the differences after the January remand hearing.

[Second] Notice of Removal at 7.

On May 28, 2009, AutoZone submitted to the Court a disk containing documents that were in AutoZone's possession. AutoZone supplemented the record on June 5, 2009 by submitting a second disk containing documents AutoZone obtained from the Multnomah County Circuit Court. AutoZone failed to serve either of these disks on plaintiff.

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. <u>Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.</u>, 992 F.2d 932, 934 (9th Cir. 1993).

Pursuant to the Class Action Fairness Act, a district court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Page 5 - OPINION AND ORDER

Additionally, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

A notice of removal must be filed

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). A notice of removal must be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Courts strictly construe the removal statute against removal jurisdiction, and any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Among the arguments raised by plaintiff is that AutoZone failed to comply with the requirement in 28 U.S.C. § 1446(a) that it file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" along with its notice of removal.

In St. Paul & Chicago Ry. Co. v. McLean, 108 U.S. 212, 216-17 (1883), the Court explained that while failing to file specified documents within a requisite time period does not divest the federal court of jurisdiction, it is within the court's "discretion to determine whether the reasons given for the failure to [file the necessary copy within the time prescribed by statute]

were sufficient . . . . [and the decision to remand] should not be disturbed unless it clearly appears that the discretion with which the court is invested has been improperly exercised."

AutoZone failed to file the following orders within the time prescribed by statute:

- August 18, 2008 Order on Motion to Compel Deposition and Discovery;
- September 2, 2008 Order on Plaintiff's Motion to Enforce Court Order;
- October 17, 2008 Second Case Management Order;
- March 4, 2009 Order on Plaintiff's Motion for ORCP 32C Class Action Certification;
- March 25, 2009 Third Case Management Order;
- March 25, 2009 Order on Defendant's Motion for Partial Judgment on the Pleadings;
- March 25, 2009 Order from March 4, 2009 Case Management Conference; and
- March 25, 2009 Order on Defendant's Discovery Abuses and Violations of Court Orders.

AutoZone provided these documents to the Court on a disk on June 5, 2009, but they were due no later than June 1, 2009, or thirty days after April 30, 2009. AutoZone failed to serve the disk on plaintiff.

Additionally, AutoZone failed to file the following two orders at all:

- Amended Order on Defendant's Discovery Abuses and Violations of Court; and Orders
- Order on Defendant's Motion for Summary Judgment.

Page 7 - OPINION AND ORDER

AutoZone argues that the orders were not required by statute to be provided to this Court because they were not, in the words of the statute, "served upon" AutoZone. They were documents AutoZone sought and received from the Multnomah County Circuit Court. The Multnomah Circuit Court rules do not require that these orders be served on the parties after being signed by the judge. In fact, the rules provide, "[C]onformed copies of the order or judgment will not be provided by the Trial Court Administrator's Office as further proof of signing." Multnomah County Local Rule 5.055 ("LR"). Instead, the court returns a confirmation card; the signed orders are maintained by the court.

Plaintiff points out, however, that the documents AutoZone filed late were uncontested, proposed orders plaintiff sent to the Multnomah County Circuit Court at the same time he served them on AutoZone. Oregon Rule of Civil Procedure 9 requires that "every order . . . shall be served on each of the parties." Or. R. Civ. P. 9A. The local rules of the Multnomah County Circuit Court require the prevailing party to draft an order "incorporating the ruling and to submit it to the proper judge, accompanied by proof of service on opposing counsel in compliance with [Oregon's Uniform Trial Court Rule] 5.100." LR 5.035(1). Oregon's Uniform Trial Court Rule ("UTCR") 5.100 requires that proposed judgments and orders be served on the opposing counsel "not less than 3 days prior to submission to the court." UTCR 5.100(1)(a). Then, when submitting the proposed judgment or order to the court, the party must submit a certificate "describing the manner of compliance" with the conferral obligation so that the court has "sufficient information to determine whether the opposing side has been given appropriate notice of the proposed order or judgment." UTCR 5.100(2); UTCR 5.100, Committee Explanation. A party's failure to object to the form of the proposed judgment or order is considered a failure to

preserve an objection. City of Portland v. Lot 11, Block 55, Irvington, 127 Or. App. 472, 476 n.3, 873 P. 2d 461 (1994).

AutoZone's interpretation of the statutory term "orders served upon such defendant" to preclude uncontested proposed orders that simply incorporate the rulings of the court, and that are served as required by civil procedural rules, would undermine the smooth transfer of the case from state to federal court. After removal, the federal court "takes the case up where the State court left it off." Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70, 415 U.S. 423, 436 (1974). AutoZone's interpretation of 28 U.S.C. § 1446(a) relies on the good will of the defendant to voluntarily provide the orders the Court needs to properly consider the history and status of the case.

I recognize that remand is not required. However, the history of this case, the equities, and deference to the state court informs my decision.[2] Given the age of the case and the fact that Judge LaBarre had already dealt with many of the substantive issues, plaintiff and the Court can demand a removal that complies with all of the procedural rules. This case was filed on November 16, 2007 and was set for trial twice. AutoZone filed its notice of removal close to the trial date the first time and on the eve of the trial date this time. Additionally, AutoZone filed its first notice of removal after Judge LaBarre had certified the case as a class action and had deemed AutoZone in violation of its discovery obligations. AutoZone filed its second notice of removal after it received word that Judge LaBarre would consider a motion for sanctions at the pre-trial conference. AutoZone cannot expect this Court to be lenient in this circumstance.

---

[2]I also note that whether AutoZone was entitled to file a successive notice of removal on the same grounds as before, when it had previously failed to meet its burden of showing the diversity amount was met, is questionable.

Page 9 - OPINION AND ORDER

I also note that AutoZone filed multiple documents with the state court after the case became removable. AutoZone filed a statement for attorney fees and a cost bill on May 12, 2009, a Motion in Limine on May 14, 2009, and a list of witnesses for trial on May 15, 2009. Also on May 15, 2009, AutoZone filed a supplemental brief supporting its motion for summary judgment on an issue reserved by Judge LaBarre. A party "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). Although "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits," id., AutoZone's continued pursuit of summary judgment, and continued preparation for trial, is the kind of activity that constitutes waiver.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand (#5) is GRANTED.

IT IS SO ORDERED.

Dated this ____2nd____ day of June, 2009.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge